**In the Matter of the Application for the DISCIPLINE OF Joseph L. BARD, an Attorney at Law of the State of Minnesota.**

No. C8–84–1938.

Supreme Court of Minnesota.

Nov. 21, 1984.

ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has certain rights related to having charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands that he has certain rights pursuant to Rule 14, RLPR. Subject to the provisions of paragraph 6 below, he waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition for disciplinary action.

4. Respondent unconditionally admits the allegations of the Director's petition, which may be summarized as follows:

a. In or about 1951, in Hennepin County, respondent was appointed guardian of two elderly sisters, Mina Mathey and Alean Mathey. Both sisters died intestate in or about 1954.

b. Respondent unsuccessfully attempted to locate heirs and there are no heirs of the estates.

c. Between approximately 1970 and 1984, respondent appropriated to his own benefit over $11,000 of guardianship funds. Respondent, in the trust account ledger, characterized some of these sums as "loans."

d. In 1984, after he received from the Director notice of the complaint that the estates had not been closed, respondent made complete restitution and immediately attended to the closing of the two estates. The original value of the property according to the inventory in the Alean Mathey Estate was $4,174.93 and the amount which ultimately escheated to the State of Minnesota, according to the Amended Final Account, was $14,300.39. The original value of the property according to the inventory in the Mina D. Mathey Estate was $5,268.35 and the amount which was ultimately escheated to the State of Minnesota, according to the Amended Final Account, was $26,494.71.

e. Respondent neglected the administration of the guardianship estates by failing to close the estates within a reasonable time.

f. Respondent did not keep required trust account books and records as required by DR 9–102 and in connection with his annual license renewal falsely certified to the contrary.

g. Respondent thereby violated several disciplinary rules stated in the petition.

5. Respondent states in mitigation and explanation as follows:

a. Prior to receiving notice of the complaint from the Director, respondent notified the Associate Director of unclaimed property for the State of Minnesota that the estates would escheat to the State.

b. Respondent has been a practicing attorney for more than fifty (50) years and has not been subject to any adverse disciplinary action prior to the matter herein.

c. Respondent has fully cooperated with the Lawyers Professional Responsibility Board in advising the Board in the matters hereinabove stipulated to and in furnishing the Board with records in his possession concerning said matters.

d. Respondent never filed any fee petition either as attorney or guardian despite the fact that prior to and during the guardianship respondent performed numerous services for the sisters including obtaining them lodging, clothing and medical care, representing them legally, visiting and writing to them and arranging for burial.

6. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition as it deems appropriate. In the event the court believes a discipline more serious than that recommended below is appropriate, respondent reserves the right to a referee hearing and a hearing before the court pursuant to Rule 14, RLPR, for the purpose of presenting character evidence and additional mitigating and explanatory evidence. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

7. The Director and respondent join in recommending that pursuant to Rule 15, RLPR, the appropriate discipline is an indefinite suspension, of a minimum of three years.

8. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

9. Respondent has been advised by the undersigned counsel concerning the stipulation and these proceedings generally.

10. Respondent hereby acknowledges receipt of a copy of this stipulation and the petition.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. The respondent Joseph L. Bard be and hereby is indefinitely suspended from the practice of law.

2. No petition for reinstatement to the practice of law will be considered by this court on or before a date which is less than three years from the date of this order.