quency tactics being used such as those exhibited in this case. All too many of these cases arise out of St. Louis County. *See, e.g., State v. Race,* 383 N.W.2d 656 (Minn.1986); *State v. Caldwell,* 322 N.W.2d 574 (Minn.1982); *State v. Wahlberg,* 296 N.W.2d 408 (Minn.1980). We have on occasion warned the prosecution in our opinions that it has used improper tactics. However, these warnings appear to have been to no avail. For example, at oral argument in this case, the prosecutor made a cynical statement to this court that, while it considered the tactics used here to be appropriate, even if the tactics had been inappropriate, the court should find the remarks nonprejudicial. We reiterate that we find the statements above cited deplorable. Were the evidence of guilt not so overwhelming in this case, we would not hesitate to send the case back for a new trial; however, we could not in good conscience find that the statements had any effect on the jury. That makes the use of those statements even more regrettable—because they were unnecessary.

We thus specifically warn St. Louis County and prosecutors generally for the last time that we will no longer tolerate the tactics used by the prosecution in closing arguments in this case. The prosecution can expect a reversal if such tactics are used again.

The trial court and the conviction are affirmed.

seph L. Bard, the respondent was indefinitely suspended from the practice of law by this court's order dated November 21, 1984. 359 N.W.2d 6 (Minn.1984). The suspension order provided that the respondent could not petition for reinstatement sooner than three years from its date. Respondent petitioned this court for reinstatement on May 5, 1988, following which the Director completed an investigation resulting in a report to a panel of the Lawyers Professional Responsibility Board that respondent's reinstatement to the practice of law would be appropriate. The Director's report found that the petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility, passed the Professional Responsibility portion of the Bar Examination, and is current in the requirements for continuing legal education. The Director's report related that since his suspension the respondent has worked as a labor arbitrator and has been employed in positions involving the handling of funds of other people. It also chronicled respondent's numerous charitable endeavors both before and during the suspension.

The court, having considered the original suspension petition, the stipulation agreeing to suspension, the petition for reinstatement, the Director's report, and the recommendation of the panel of the Lawyers Professional Responsibility Board, NOW ORDERS:

That the respondent Joseph L. Bard is herewith reinstated to the practice of law.

**In re Petition for Disciplinary Action against Joseph L. BARD, an Attorney at Law of the State of Minnesota.**

No. C8–84–1938.

Supreme Court of Minnesota.

Aug. 24, 1988.

### ORDER

Pursuant to a stipulation between the Director of the Lawyers Professional Responsibility Board and the respondent Jo-

**In the Matter of the Application for REINSTATEMENT OF Kent D. MARSHALL, as an Attorney at Law of the State of Minnesota.**

No. C0–86–271.

Supreme Court of Minnesota.

Aug. 24, 1988.

### ORDER

Pursuant to a stipulation entered into between the respondent, Kent D. Marshall,